**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KOLE ARIJE,

     Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, a
municipal corporation; DENVER POLICE
DEPARTMENT; DAVID MICHAUD, Chief
of Police, City of Denver; JOHN DOE I, Sgt.,
City of Denver Police; JOHN DOE II, City of
Denver Police; E.J. DAVIS, City of Denver
Police; WALGREENS, INC.; DAVE
CAROON, employee and security personnel,
Walgreens, Inc.; JOHN DOE I, Assistant
Manager, Walgreens, Inc.; TWIN CITY
SECURITY, INC.; DON SWEETMAN,
employee, Twin City Security, Inc., jointly and
severally liable,

     Defendants-Appellees.

No. 96-1444
(D.C. No. 95-WY-2524-WD)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

     [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Kole Arije, appearing *pro se*, appeals the district court's grant of summary judgment in favor of the City and County of Denver, the Denver Police Department, Dave Michaud, E.J. David, and two unnamed Denver police officers, (the "public defendants") and the district court's grant of summary judgment in favor of Walgreens, Inc., Dave Caroon, Twin City Security, Inc., Don Sweetman, and an unnamed Walgreens' employee (the "private defendants").

On August 31, 1995, Mr. Arije initiated this civil rights action against the various defendants based on the events surrounding his detainment for suspected shoplifting and subsequent arrest by the Denver Police Department.[1] Mr. Arije's complaint asserted claims under 42 U.S.C. §§ 1983, 1985 and 1986, as well as state law claims of false imprisonment, assault and battery.

---

[1] We note Mr. Arije commenced this action in Colorado state court. However, the City and County of Denver and the Denver Police Department successfully removed the action to federal district court.

On August 17, 1996, the district court granted the defendants' motions for summary judgment. The district court found Mr. Arije failed to present any evidence to support a finding the public defendants violated any of his constitutional rights. The district court found Mr. Arije provided only conclusory allegations, which were insufficient to defeat summary judgment. The district court then found Mr. Arije failed to present any evidence showing an agreement and concerted action between the public defendants and the private defendants. Therefore, the district court concluded there was no evidence in the record to support Mr. Arije's federal claims and granted the defendants' motions for summary judgment.[2] Judgment was entered August 26, 1996.

On appeal, Mr. Arije contends the district court erred in granting the defendants' motions for summary judgment and in denying his motion for summary judgment.[3] We review the district court's grant or denial of summary judgment *de novo*. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

---

[2] In light of the court's determination, the court declined to exercise jurisdiction over Mr. Arije's state claims.

[3] In his opening brief, Mr. Arije lists several other "issues." However, due to our disposition, we need not address these "issues." *See Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir.) (we will not consider issues that do not affect the outcome of the appeal), *cert. denied*, 502 U.S. 878 (1991).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id*.

After review of the record, we agree with the district court that Mr. Arije has failed to present sufficient evidence to establish a genuine issue of material fact. Hence, we affirm substantially for the reasons set forth in the district court's Minute Order Regarding Summary Judgment filed August 17, 1996, a copy of which is attached hereto. In addition, Mr. Arije's motion for default judgment and motion for remand are denied.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge